IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00400-BNB

JOSE VIZCARRA-HERNANDEZ,

    Applicant,

v.

J. M. WILNER,

    Respondent.

## ORDER OF DISMISSAL

Applicant Jose Vizcarra-Hernandez is a prisoner in the custody of the United States Bureau of Prisons (BOP) at FCI Florence. On February 19, 2008, Mr. Vizcarra-Hernandez submitted to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the calculation of his federal sentence. I entered an Order to Show Cause on April 7, 2008, directing Respondent to show cause why the Application should not be granted. Respondent filed a Response on May 12, 2008, and Applicant filed a Reply on June 20, 2008. Applicant also filed a Second Reply on October 6, 2008, regarding exhaustion of his administrative remedies.

The Court must construe liberally the Application and other pleadings Mr. Vizcarra-Hernandez has filed because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

In the Application, Mr. Vizcarra-Hernandez asserts that he was detained by the BICE (Bureau of Customs and Immigration Enforcement), at the Quincy Federal Detention Center, on February 21, 2003, for an alleged illegal re-entry into the United States and was formally charged on February 24, 2003. (Application at 2.) He further asserts that he subsequently was loaned to the State of Colorado for sentencing in an unrelated matter. (Application at 2.) On June 3, 2003, he was indicted for the charge of illegal entry. (Application at 2.) Mr. Vizcarra-Hernandez contends that from February 23, 2003, until October 30, 2003, he was officially in the custody of the BOP and was only loaned to the State of Colorado. (Application at 2.) Applicant concludes that because the BOP did not communicate to him, either verbally or in writing, that he had been surrendered to the State of Colorado, he should be given credit on his federal sentence for the time from February 23, 2003, until October 30, 2003. (Application at 2-3.)

Respondent asserts that Applicant originally was sentenced to four years of incarceration, on November 20, 1997, by the State of Colorado for possession and sale of a controlled substance. (Resp. at 4.) He was paroled to his five-year mandatory parole on November 16, 1999, and was deported from the United States on November 18, 1999. (Resp. at 4.) On February 21, 2003, he was arrested by the Denver police and charged with possession with intent to distribute a controlled substance. (Resp. at 4.) On February 24, 2003, the BICE was notified of Applicant's arrest. (Resp. at 5.) He pleaded guilty in the Denver County District Court to the possession with intent to distribute charge on June 19, 2003. (Resp. at 5.) As a consequence of his plea, his

2

parole was revoked in his previous state criminal case, and he served his state sentence for parole revocation from February 23, 2003, until October 30, 2003, when his sentence was final and he was discharged from the State of Colorado Department of Corrections (DOC). (Resp. at 5.) Subsequently, on January 23, 2004, Mr. Vizcarra-Hernandez was sentenced to seventy months of imprisonment in the U. S. District Court for the District of Colorado for unlawful reentry. (Resp. at 6.)

Upon review of the Exhibits attached to the Response, including the Declaration of J. R. Johnson and the United States Marshals Service Prisoner Tracking Identification Data for Mr. Vizcarra-Hernandez, and this Court's Docket for Mr. Vizcarra-Hernandez's criminal case, *United States v. Vizcarra-Hernandez*, No. 03-cr-00253-RPM (D. Colo. Jan. 26, 2004), I find the following. Applicant was not housed at the BOP for the entire time from February 21, 2003, until October 30, 2003. His claim that he was "loaned" to the DOC for this period of time also is without basis.

Applicant was not indicted in this Court for his reentry offense until June 3, 2003. At that time, Mr. Vizcarro-Hernandez was housed at the DOC Limon, Colorado, Correctional Facility. Not until August 14, 2003, pursuant to a petition for writ of habeas corpus ad prosequendum, was he arrested by the U.S. Marshals and brought to this Court for his initial appearance in his illegal reentry case, on August 15, 2003. *Vizcarro-Hernandez*, No. 03cr00253 at Doc. Nos. 3-6; (Ex. A-3, Prisoner Tracking.) From August 15, 2003, until February 20, 2004, Applicant was boarded at the Englewood Federal Detention Center. (Ex. A-3, Prisoner Tracking.) During this time, his DOC custody was discharged on October 30, 2003. (Resp., Ex. A-3, Prisoner Tracking.)

Mr. Vizcarro-Hernandez was credited with presentence time from February 21, 2003, when he was arrested, until February 22, 2003, when he was released on bond, and from October 31, 2003, the day after his DOC custody was discharged, until January 22, 2004, the day prior to when he was sentenced. (Resp, Ex A-5, Sentence Monitoring.)

In his Reply, Applicant asserts that he was taken into custody by the U.S. Marshal Service on August 14, 2003, and remained in federal custody continuously through January 23, 2004, when he was sentenced. Although he does not refer to the time from February 23, 2003, until August 13, 2003, in his Reply, he still contends that he is entitled to eight months and seven days of credit to his federal sentence. Applicant further contends, in his Reply, that I have authority under U.S.S.G. Guideline Section 5G1.3(b)(1) to authorize a reduction in his sentence.

Calculation of a federal prison sentence is governed by 18 U.S.C. § 3585. The Attorney General, through the BOP, is responsible for making the sentence calculation contemplated by § 3585. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). The U.S. Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241. Section 3585 provides as follows:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

4

> (1) as a result of the offense for which the
> sentence was imposed; or
>
> (2) as a result of any other charge for which the
> defendant was arrested after the commission of the
> offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Mr. Vizcarra-Hernandez does not acknowledge, in his Reply, the findings set forth by Respondent in the Response. He does not dispute Respondent's claim that he was serving a sentence at the DOC for parole revocation from February 23, 2003, until October 30, 2003, and that he received credit for the time in question on his DOC sentence. Therefore, pursuant to § 3585(b), Mr. Vizcarra-Hernandez is not entitled to double credit against his current seventy-month federal sentence for the same time. "Congress made clear [in enacting § 3585(b)] that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

To the extent Mr. Vizcarra-Hernandez is suggesting, in his Reply, that I reduce his sentence based on § 5G1.3(b)(1), the Sentencing Guidelines section, to which he refers, permits a federal court to adjust a sentencing term at the time of sentencing. Section 5G1.3(b)(1) discusses the calculation of time-served credits, but does not authorize the district courts to calculate the sentencing credits post-judgment. Congress intended that the sentencing court compute a fair sentence under the Sentencing Guidelines at the time of sentencing, but that the BOP make all post-judgment sentencing credit calculations pursuant to 18 U.S.C. §§ 3586 and 3624. The time to present an argument for a departure in a sentence calculation under the Guidelines has elapsed. *See* Fed. R. Crim. P. 35(a).

I also note, upon review of the Docket in Mr. Vizcarra-Hernandez's criminal case, that Mr. Vizcarra-Hernandez submitted a letter to the sentencing court on June 13, 2005, in which he states that "[w]hen I was sentenced I was in state custody; [m]y time would end on Oct. 30, 2003, in the state." *Vizcarro-Hernandez*, No. 03cr00253 at Doc. No. 37.  Contrary to his claim in the instant action that he was loaned to the DOC during the time in question, Mr. Vizcarra-Hernandez admitted in his criminal case that he indeed was serving a state sentence up to and including October 30, 2003.  Therefore, Applicant's letter in his criminal case supports a finding that under 18 U.S.C. § 3585(b) he is not entitled to credit on his federal sentence for the time from February 23, 2003, until October 30, 2003.

Based on the above findings, the instant action must be dismissed because the BOP properly has determined that Mr. Vizcarra-Hernandez is not entitled to the credit he seeks.  Accordingly, it is

ORDERED that the Application is DENIED and the action is **DISMISSED WITH PREJUDICE**, each party to bear his own costs and attorney's fees.

Dated:  November 21, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge

6